**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Paul D. Leake (*pro hac vice* pending)
Shana A. Elberg (*pro hac vice* pending)
Moshe S. Jacob (*pro hac vice* pending)
Bram A. Strochlic (*pro hac vice* pending)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
paul.leake@skadden.com
shana.elberg@skadden.com
moshe.jacob@skadden.com
bram.strochlic@skadden.com

– and –

James J. Mazza, Jr. (*pro hac vice* pending)
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411
james.mazza@skadden.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Daniel F.X. Geoghan
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dgeoghan@coleschotz.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>FIHPNP LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-20876 (MEH)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO (A) FILE A CONSOLIDATED LIST OF DEBTORS' 20 LARGEST UNSECURED, NON-INSIDER CREDITORS; (B) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR; AND (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR EMPLOYEES; AND (II) GRANTING RELATED RELIEF**

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Brightline. The location of Debtor FIHPNP LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 350 NW 1st Ave, Suite 200, Miami, FL 33128.

TO THE HONORABLE MARK E. HALL
UNITED STATES BANKRUPTCY JUDGE:

FIHPNP LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors" and, together with their direct and indirect wholly-owned and controlled non-debtor affiliates, the "Company") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), respectfully represent in support of this motion (this "Motion") as follows:

**RELIEF REQUESTED**

1. By this Motion, the Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "Proposed Interim Order") and **Exhibit B** (the "Proposed Final Order," together with the Proposed Interim Order, the "Proposed Orders"), (a) authorizing the Debtors to file a single consolidated list of their 20 largest unsecured, non-insider creditors in lieu of each of the Debtors filing a list of its 20 largest unsecured creditors, (b) authorizing the Debtors and/or Stretto, Inc., the Debtors' proposed claims and noticing agent ("Stretto" or the "Claims and Noticing Agent"), to redact personally identifiable information of any current or former employees (collectively, the "Employees") listed or appearing in any document filed with the Court (as defined herein) or otherwise made publicly available by the Debtors and/or the Claims and Noticing Agent, including the Consolidated Creditor Matrix (as defined herein), the claims register for each Debtor (the "Claims Registers"), and the Schedules and Statements (as defined herein), and (c) granting other related relief. In addition, the Debtors request that the Court schedule a final hearing approximately twenty-eight (28) days after the commencement of these chapter 11 cases to consider entry of an order approving the relief requested herein on a final basis.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors consent to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3. Venue of the Chapter 11 Cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are pursuant to sections 105(a), 107, 342(a), and 521(a)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(a) and (d), and 2002(a), (d), and (f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## BACKGROUND

### I. General Background

5. On September 24, 2026 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have requested that the Chapter 11 Cases be jointly administered.

6. The Debtors are authorized to continue to operate their businesses and manage their assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

8. Additional information regarding the Debtors, including their business, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Patrick Goddard in Support of Chapter 11 Petitions and First Day Papers* (the "First Day Declaration")[2] filed contemporaneously herewith and incorporated herein by reference.

## BASIS FOR RELIEF

### I. Cause Exists to Authorize the Debtors to File a Consolidated List of the Debtors' 20 Largest Unsecured Creditors

9. Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each of the debtor's creditors. See 11 U.S.C. § 521(a); Fed. R. Bankr. P. 1007(a)(1). Additionally, Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the names, addresses and claims of the creditors that hold the 20 largest unsecured claims, excluding insiders." *Id*. 1007(d). This list is primarily used by the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and, thereby, identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case pursuant to section 1102 of the Bankruptcy Code.

10. Because the Debtors operate as a single business enterprise, and certain of them share creditors, the Debtors request authority to file a single, consolidated list of their 20

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the First Day Declaration.

largest general unsecured creditors. The Debtors submit that each Debtor compiling separate top 20 creditor lists would require the Debtors to invest valuable time and limited resources without concomitant benefits. Further, the Debtors believe a single, consolidated list of the Debtors' 20 largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors. As such, the Debtors believe that filing a single consolidated list of the 20 largest unsecured, non-insider creditors in the Chapter 11 Cases is appropriate.

11. Allowing the Debtors to prepare and maintain a single consolidated list of their creditors (the "Consolidated Creditor Matrix"), in lieu of filing a separate creditor matrix for each Debtor, is warranted under the circumstances of these chapter 11 cases where there are numerous creditors and parties in interest. As mentioned, converting the Debtors' computerized information to a format compatible with the matrix requirements and preparing separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome. Accordingly, the Debtors respectfully request authority to file one Consolidated Creditor Matrix for all Debtors.

12. Courts in this District have granted relief similar to the relief requested herein. *See, e.g.*, *In re SIMAD Holdings, Ltd.*, No. 26-16388 (CMG) (Bankr. D.N.J. Jun. 17, 2026) (authorizing a consolidated list of the debtors' fifty largest creditors); *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. May 21, 2026) (authorizing a consolidated list of the debtors' thirty largest creditors); *In re Eddie Bauer LLC*, No. 26-11422 (SLM) (Bankr. D.N.J. Mar. 3, 2026) (same); *In re STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 10, 2026) (same); *In re United Site Servs., Inc.*, No. 25-23630 (MBK) (Bankr. D.N.J. Feb. 2, 2026) (same); *In re Del Monte Foods Corp. II Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. Aug. 5, 2025) (same); *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. Aug. 26, 2024) (same); *In re Thrasio*

*Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. June 11, 2024) (same); *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. Feb. 29, 2024) (same); *In re WeWork, Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Dec. 20, 2023) (same); *In re BlockFi, Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Oct. 19, 2023) (authorizing a consolidated list of the debtors' 50 largest creditors).[3]

13. Accordingly, the Debtors submit that filing the Consolidated Creditor Matrix is necessary for the efficient and orderly administration of these chapter 11 cases, appropriate under these facts and circumstances, and in the best interests of the Debtors' estates.

## II. Cause Exists to Redact Personally Identifiable Information

14. Pursuant to section 107(c)(1) of the Bankruptcy Code, the Debtors respectfully submit that cause exists to authorize the Debtors to redact the personally identifiable information—including, without limitation, the names and home and email addresses—of any Employee listed on, or appearing in, any document (a) made publicly available on the Debtors' case website, (b) filed with the Court, or (c) otherwise made publicly available by the Debtors and/or the Claims and Noticing Agent, including the Consolidated Creditor Matrix, the Claims Registers, and the Debtors' schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements").

15. Section 107(c)(1)(A) of the Bankruptcy Code provides that, with respect to "[a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under" the Bankruptcy Code, the court, "for cause, may protect an individual, with respect to [such] information to the extent the court finds that disclosure of such information would create undue

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

risk of identity theft or other unlawful injury to the individual or the individual's property." *See* 11 U.S.C. § 107(c)(1)(A).

16. Though transparency is important to the judicial process, Congress recognized a counterbalancing interest when it enacted section 107(c)(1) of the Bankruptcy Code: the need to protect individuals' identities and privacy. The statutory language demonstrates Congress's desire for courts to have the flexibility necessary to protect individuals' identities and identifying information. Section 107(c)(1)(B) of the Bankruptcy Code allows a bankruptcy court to shield "[o]ther information" beyond "means of identification," 11 U.S.C. § 107(c)(1)(B) (citing 18 U.S.C. § 1028(d)); the definition of "means of identification" provides a non-exhaustive list of personally identifiable information. *See* 18 U.S.C. § 1028(d)(7)(A)-(D).

17. Accordingly, while an individual's home and email addresses are not explicitly enumerated as "means of identification," they are nevertheless within the broad scope of section 107(c)(1)(B) of the Bankruptcy Code and should be protected to avoid risks of, among other things, identity theft, domestic violence, harassment, stalking, or phishing scams.[4] Bankruptcy courts in other districts within the Third Circuit have stressed the importance of permitting debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In *Art Van Furniture*, in overruling the objection of the U.S. Trustee to the same redaction relief proposed here, Chief Judge Sontchi observed that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–

---

4 The risk in relation to section 107(c)(1) of the Bankruptcy Code is not speculative and has manifested in chapter 11 cases. For example, customers of a cryptocurrency company received phishing emails from purported legal advisors of the debtors. *See In re Celsius Networks LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Nov. 30, 2022) [Docket No. 1527]. In another instance, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the bankruptcy case to track the employee at her new address, which had not been publicly available until then, forcing the employee to change addresses again. *See In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [Docket No. 4].

7, *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020). Judge Sontchi found that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id.* at 25:13–16. Similarly, in *Clover Technologies*, Judge Owens overruled the U.S. Trustee's objection, noting that "[t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses." Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp*., LLC, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020).

18. Courts in this district and others have expounded on the importance of authorizing debtors to redact employees' personally identifiable information. In *Forever 21*, Judge Gross noted that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019), Hr'g Tr. at 60:22–25. Similarly, in *Windstream*, Judge Drain noted that the consequences of releasing private information could be "very serious," and "[o]nce [private information is] out there, it's out there." *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 26, 2019), Hr'g Tr. at 88:6-12, 89:5-8.

19. Moreover, courts in the Third Circuit have granted the relief requested in comparable chapter 11 cases. *See, e.g., In re SIMAD Holdings, Ltd.,* No. 26-16388 (CMG) (Bankr.

D.N.J. Jun. 17, 2026) (authorizing debtors to redact the names, home addresses, and email addresses of campers who are minors under the age of 18); *In re David's Bridal, LLC, et al.,* Case No. 23-12121 (CMG) (Bankr. D.N.J. April 19, 2023) (authorizing the debtors to redact the names, home addresses, and email addresses of employees who are minors and customers); *In re New Rite Aid, LLC, et al.*, No. 25-14861 (MBK) (Bankr. D.N.J. June 9, 2025) (authorizing the debtors to redact the home addresses, e-mail addresses and any other personally identifiable information, not including names, of natural persons that the Debtors identified as employees and individual customers, unless such names have already been made public in litigation); *In re Joann Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (authorizing the debtors to redact the names, home addresses, and email addresses of individual customers listed on the creditor matrix, schedules and statements, and other documents filed with the court); *In re PGX Holdings, Inc.*, No. 23-10719 (CTG) (Bankr. D. Del. July 19, 2023) (same); *In re SiO2 Medical Products, Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. June 15, 2023) (same); *In re Cyxtera Technologies, Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. June 7, 2023) (authorizing the debtors, on an interim basis, to redact the home and email addresses of individuals listed on the creditor matrix, schedules and statements, and other documents filed with the court); and *In re Rite Aid Corporation*, No. 23-18993 (MBK) (Bankr. D.N.J. Oct. 18, 2023) (authorizing, on an interim basis, the debtors to redact the name, home address and email addresses for all natural persons).

20. Here, the Debtors are sensitive to the privacy and safety concerns of their Employees. As with any large employer, certain Employees' personal circumstances, including circumstances unrelated to their employment, would be negatively impacted by the disclosure of their home and email addresses. Such disclosure of personal addresses could potentially jeopardize their safety and would likely hinder the Debtors' efforts to attract and retain the employees

necessary to preserve the value of the Debtors' estates for the benefit of their creditors and other parties-in-interest.

21. Accordingly, the Debtors respectfully submit that it is appropriate to redact personally identifiable information—including, without limitation, the names and home and email addresses—of any Employee listed on, or appearing in, any document (a) made publicly available on the Debtors' case website, (b) filed with the Court, or (c) otherwise made publicly available by the Debtors and/or the Claims and Noticing Agent, including the Consolidated Creditor Matrix, the Claims Registers, and the Schedules and Statements. Absent such relief, such information can be used to perpetrate identity theft and phishing scams or to locate survivors of domestic violence, harassment, or stalking. Recognizing the need for transparency, the Debtors propose to provide, upon request and subject to applicable law, on a confidential, and if applicable, professional-eyes-only basis, an unredacted version of the Consolidated Creditor Matrix, the Claims Registers, and the Schedules and Statements, and any other applicable filings redacted pursuant to the Proposed Orders to the Court, the U.S. Trustee, counsel to Assured Guaranty Inc., counsel to any official committee appointed in these Chapter 11 Cases, and any other party designated by further order of the Court, as appropriate.

22. Further, the Debtors will instruct the Claims and Noticing Agent to serve the Debtors' Employees at their personal home addresses and will ensure each Employee receives the same notices in the Chapter 11 Cases as all other creditors, without unnecessarily publicly disclosing the Employees' names and home and email addresses. Thus, in view of the foregoing and given there is minimal, if any, benefit to the public of publishing the names and home and

email addresses of the Debtors' Employees, the Debtors submit that the relief requested is appropriate.

**RULE 6003(a) REQUIREMENTS ARE SATISFIED**

23. Bankruptcy Rule 6003(a) empowers a court to grant relief within the first twenty-one (21) days after the Petition Date to the extent that "relief is needed to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(a). As set forth in this Motion, an immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations. Failure to receive the requested relief during the first twenty-one (21) days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and cause immediate and irreparable harm. The requested relief is necessary for the Debtors to operate their business in the ordinary course, preserve the ongoing value of their operations, and maximize value of their estates for the benefit of all stakeholders. The Debtors have demonstrated that the requested relief is "needed to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003(a), and the Court should grant the requested relief.

**RESERVATION OF RIGHTS**

24. Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Motion or

any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **NOTICE**

25. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of New Jersey; (b) counsel to the administrative agent under each of the Debtors' prepetition credit agreements; (c) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances; (d) Milbank LLP, as counsel to Assured Guaranty Inc.; (e) Herbert Smith Freehills Kramer, as counsel to the Ad Hoc Mutual Fund Group; (f) Davis Polk & Wardwell LLP, as counsel to the Ad Hoc Group of East Noteholders; (g) the Debtors' twenty (20)

largest unsecured creditors on a consolidated basis; (h) the Internal Revenue Service; (i) the Florida Development Finance Corporation; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

26. No prior request for the relief sought herein has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that this Court (a) enter the Proposed Orders in substantially the forms attached hereto as **Exhibit A** and **Exhibit B** and (b) grant such other and further relief as may be just and proper.

Dated: September 25, 2026


*/s/ Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Daniel F.X. Geoghan
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dgeoghan@coleschotz.com

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Paul D. Leake (*pro hac vice* pending)
Shana A. Elberg (*pro hac vice* pending)
Moshe S. Jacob (*pro hac vice* pending)
Bram A. Strochlic (*pro hac vice* pending)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
paul.leake@skadden.com
shana.elberg@skadden.com
moshe.jacob@skadden.com
bram.strochlic@skadden.com

– and –

James J. Mazza, Jr. (pro hac vice pending)
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411
james.mazza@skadden.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*

# **Exhibit A**

**Proposed Interim Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** | |
|---|---|
| In re:<br><br>FIHPNP LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-20876 (MEH)<br><br>(Joint Administration Requested) |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) FILE A CONSOLIDATED LIST OF DEBTORS' 20 LARGEST UNSECURED, NON-INSIDER CREDITORS; (B) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR; AND (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR EMPLOYEES; AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through eight (8), is **ORDERED**.

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Brightline. The location of Debtor FIHPNP LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 350 NW 1st Ave, Suite 200, Miami, FL 33128.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Daniel F.X. Geoghan
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dgeoghan@coleschotz.com

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Paul D. Leake (*pro hac vice* pending)
Shana A. Elberg (*pro hac vice* pending)
Moshe S. Jacob (*pro hac vice* pending)
Bram A. Strochlic (*pro hac vice* pending)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
paul.leake@skadden.com
shana.elberg@skadden.com
moshe.jacob@skadden.com
bram.strochlic@skadden.com

– and –

James J. Mazza, Jr. (*pro hac vice* pending)
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411
james.mazza@skadden.com

*Proposed Co-Counsel to Debtors*
*and Debtors in Possession*

Upon the motion (the "Motion")[1] of FIHPNP LLC and its debtor affiliates, as debtors (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") for entry of an interim order (this "Interim Order") and a final order (i) waiving the requirement for each Debtor to file a list of its 20 largest unsecured creditors, (ii) authorizing the Debtors to file a single consolidated list of their 20 largest unsecured, non-insider creditors, (iii) authorizing the Debtors and/or the Claims and Noticing Agent to redact personally identifiable information of Employees, (iv) granting related relief, and (v) scheduling a final hearing (the "Final Hearing"), all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration, and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"), if any; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) due and proper notice of the Motion and the Hearing was sufficient under the circumstances; and this Court having found that it may enter an order consistent with Article III of the United States Constitution; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. The Final Hearing on the Motion will be held on [●]**, 2026 at _____________ (Eastern Time)**. Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the following parties on or before _______________, **2026 at 4:00 p.m. (Eastern Time)**: (i) proposed co-counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001, Attn: Paul D. Leake, Esq. (Paul.Leake@skadden.com), Shana A. Elberg, Esq. (Shana.Elberg@skadden.com), Moshe S. Jacob, Esq. (Moshe.Jacob@skadden.com), Bram A. Strochlic, Esq. (Bram.Strochlic@skadden.com), and James J. Mazza, Jr., Esq. (james.mazza@skadden.com) and Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin, Esq. (fyudkin@coleschotz.com), and Daniel F.X. Geoghan, Esq. (dgeoghan@coleschotz.com); (ii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100 Newark, New Jersey 07102, Attn. Jeffrey M. Sponder (jeffrey.m.sponder@usdoj.gov); (iii) if any statutory committee has been appointed in these chapter 11 cases, counsel to such committee; and (iv) any party that has filed a Notice of Appearance. If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3. The Debtors are authorized, but not directed, on an interim basis pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(d) and Local Rule 1007-1, to submit a Consolidated Creditor Matrix; *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file a list of its own top twenty (20) unsecured creditors within fourteen (14) days of such conversion.

4. The Debtors are authorized, but not directed, on an interim basis to file a single consolidated list of their 20 largest unsecured creditors, excluding insiders, in the proposed lead case, in lieu of filing a separate list and mailing matrix for each Debtor.

5. The Debtors and/or the Claims and Noticing Agent are authorized, but not directed, on an interim basis, pursuant to section 107(c)(1) of the Bankruptcy Code to redact the names, addresses, and email addresses of any Employee listed on, or appearing in, any document (a) made publicly available on the Debtors' case website, (b) filed with the Court, or (c) otherwise made publicly available by the Debtors and/or the Claims and Noticing Agent, including the Consolidated Creditor Matrix, the Claims Registers, and the Schedules and Statements; *provided however,* that, the U.S. Trustee reserves all rights with respect to such redactions at a hearing regarding confirmation of a chapter 11 plan, or thereafter, or in connection with a conversion of the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code or a dismissal of the chapter 11 cases.

6. The Debtors shall provide an unredacted version of the Consolidated Creditor Matrix, the Claims Registers, and the Schedules and Statements and any other filings redacted pursuant to this Interim Order to (i) the Court, (ii) the U.S. Trustee, (iii) counsel to Assured

Guaranty Inc., (iv) counsel to any official committee appointed in the Chapter 11 Cases, (v) the Claims and Noticing Agent, and (vi) any party in interest upon request to the Debtors (email being sufficient) or the Court that is reasonably related to these chapter 11 cases, provided that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or any other privacy obligation under any privacy or data protection law or regulation. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.

7. Notwithstanding anything to the contrary in any order relating to the retention of the Claims and Noticing Agent or any Local Rules, the Claims and Noticing Agent is authorized (a) to file affidavits of service without disclosing the names and home and email addresses of Employees and (b) to redact names and home and email addresses of Employees in the Claims Registers subject to paragraph 6 herein.

8. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Interim Order.

9. Nothing in this Interim Order prohibits any Employee from voluntarily identifying themselves in connection with these chapter 11 cases or voluntarily disclosing any of their contact information. Nothing in this Interim Order exempts any natural persons from compliance with Bankruptcy Rule 2019,

10. The Debtors shall file a redacted version of the Consolidated Creditor Matrix, Schedules and Statements, or other document filed with the Court as well as post it on both the website to be established by the Claims and Noticing Agent and the Debtors' website.

11. For the avoidance of doubt, the Debtors shall file an unredacted Consolidated Creditor Matrix under seal with the Court.

12. The Debtors shall cause the Consolidated Creditor Matrix to be made available in readable electronic format (or in non-electronic format) upon reasonable request by parties in interest.

13. The Debtors, through the Claims and Noticing Agent, are authorized, on an interim basis, to serve all pleadings and papers on all parties listed on the Consolidated Creditor Matrix (including via email if available). Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any Employee whose personally identifiable information is sealed or redacted pursuant to this Interim Order. Service of all documents and notices upon Employees whose personally identifiable information is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service.

14. To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Interim Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

15. The requirements set forth in Bankruptcy Rule 6003(a) are satisfied by the content of the Motion or otherwise are deemed waived.

16. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

17. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

18. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Interim Order shall be effective and enforceable immediately upon entry hereof.

19. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

20. The Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

21. Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

22. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

# **Exhibit B**

**Proposed Final Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
|---|---|
| In re:<br><br>FIHPNP LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-20876 (MEH)<br><br>(Joint Administration Requested) |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) FILE A CONSOLIDATED LIST OF DEBTORS' 20 LARGEST UNSECURED, NON-INSIDER CREDITORS; (B) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR; AND (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR EMPLOYEES; AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (7), is **ORDERED**.

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Brightline. The location of Debtor FIHPNP LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 350 NW 1st Ave, Suite 200, Miami, FL 33128.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Daniel F.X. Geoghan
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dgeoghan@coleschotz.com

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Paul D. Leake (*pro hac vice* pending)
Shana A. Elberg (*pro hac vice* pending)
Moshe S. Jacob (*pro hac vice* pending)
Bram A. Strochlic (*pro hac vice* pending)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
paul.leake@skadden.com
shana.elberg@skadden.com
moshe.jacob@skadden.com
bram.strochlic@skadden.com

– and –

James J. Mazza, Jr. (*pro hac vice* pending)
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411
james.mazza@skadden.com

*Proposed Co-Counsel to Debtors*
*and Debtors in Possession*

Upon the motion (the "Motion")[8] of FIHPNP LLC and its debtor affiliates, as debtors (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") for entry of a final order (this "Final Order") (i) waiving the requirement for each Debtor to file a list of its 20 largest unsecured creditors, (ii) authorizing the Debtors to file a single consolidated list of their 20 largest unsecured, non-insider creditors, (iii) authorizing the Debtors and/or the Claims and Noticing Agent to redact personally identifiable information of Employees, and (iv) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration, and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"), if any; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) due and proper notice of the Motion and the Hearing was sufficient under the circumstances; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

[8] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. The Debtors are authorized pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(d) and Local Rule 1007-1, to submit a Consolidated Creditor Matrix; *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file a list of its own top twenty (20) unsecured creditors within fourteen (14) days of such conversion.

3. The Debtors are authorized to file a single consolidated list of their 20 largest unsecured creditors.

4. The Debtors are authorized to file a consolidated list of creditors in the proposed lead case in lieu of filing a separate creditors list and mailing matrix for each Debtor.

5. The Debtors and/or the Claims and Noticing Agent are authorized, on a final basis, pursuant to section 107(c)(1) of the Bankruptcy Code to redact personally identifiable information of any Employee listed on, or appearing in, any document (a) made publicly available on the Debtors' case website, (b) filed with the Court, or (c) otherwise made publicly available by the Debtors and/or the Claims and Noticing Agent, including the Consolidated Creditor Matrix, the Claims Registers, and the Schedules and Statements; *provided* that, the Debtors shall provide, upon request and subject to applicable law, on a confidential, and if applicable, professional-eyes-only basis, an unredacted version of any such document to the Court, the U.S. Trustee, counsel to Assured Guaranty Inc., counsel to any official committee appointed in the Chapter 11 Cases, the

Claims and Noticing Agent, and any other party designated by further order of the Court, provided that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.

6. Notwithstanding anything to the contrary in any order relating to the retention of the Claims and Noticing Agent or any Local Rules, the Claims and Noticing Agent is authorized (a) to file affidavits of service without disclosing the names and home and email addresses of Employees and (b) to redact names and home and email addresses of Employees in the Claims Registers.

7. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Final Order.

8. The Debtors shall file a redacted version of the Consolidated Creditor Matrix, Schedules and Statements, or other document filed with the Court as well as post it on both the website to be established by the Claims and Noticing Agent and the Debtors' website.

9. For the avoidance of doubt, the Debtors shall file an unredacted Consolidated Creditor Matrix under seal with the Court.

10. The Debtors shall cause the Consolidated Creditor Matrix to be made available in readable electronic format (or in non-electronic format) upon reasonable request by parties in interest.

11. The Debtors, through the Claims and Noticing Agent, are authorized, on a final basis, to serve all pleadings and papers on all parties listed on the Consolidated Creditor Matrix (including email if available).

12. Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any natural person whose personally identifiable information is sealed or redacted pursuant to this Final Order. Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Final Order shall be confirmed in the corresponding certificate of service.

13. To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Final Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

14. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

15. The Debtors are authorized and empowered to take all action necessary to effectuate the relief granted in this Order.

16. The terms and conditions of this Final Order shall be effective and enforceable immediately upon entry hereof.

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.